**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roberto Antoine Darden, | No. CV-22-00271-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Rule 60(b)(1) Motion for Relief from Judgment due to mistake. (Doc. 52.) This Court entered judgment against Plaintiff on July 27, 2023, dismissing all claims and directing the Clerk of Court to close the case. (Doc. 35.) Plaintiff subsequently filed a Rule 59 Motion to Alter or Amend Judgment, (Doc. 37), which was denied on August 14, 2023, (Doc. 40). Plaintiff initially filed a Notice of Appeal to the Ninth Circuit pending the resolution of his Rule 59 Motion on August 7, 2023, (Doc. 38), and ultimately an amended Notice of Appeal on October 30, 2023, (Doc. 47). The Ninth Circuit granted leave to proceed in forma pauperis in the appeal on November 15, 2023, (Doc. 48), and the appeal remains pending. On August 5, 2024, Plaintiff filed a Motion for Leave to File an Untimely Motion Under Rule 60(b)(1). (Doc. 49.) On September 20, 2024, the Court granted Plaintiff's Motion for Leave and ordered the Clerk of Court to file Plaintiff's Proposed Motion Under Rule 60(b)(1). (Doc. 51.)

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment for several enumerated grounds, including "mistake, inadvertence,

1  surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1)'s definition of

2  "mistake" includes legal errors made by judges. *Kemp v. United States*, 596 U.S. 528, 535

3  (2022). However, Rule 60(b) motions will not "be granted unless the movant can

4  demonstrate a meritorious claim or defense." *Lepkowski v. United States Dep't of Treasury*,

5  804 F.2d 1310, 1314 (D.C. Cir. 1986); *see also United States v. Aguilar*, 782 F.3d 1101,

6  1107 (9th Cir. 2015) (stating that, in context of motion to set aside default judgment, "[a]

7  district court may deny relief under Rule 60(b)(1) when the moving party has failed to

8  show that she has a 'meritorious defense'"). While Rule 60(b) should be liberally construed,

9  the policy behind the rule favors the finality of judgments on merits, and a Rule 60(b)

10  motion "should not be treated as a substitute for an appeal." *Falk v. Allen*, 739 F.2d 461,

11  463 (9th Cir. 1984).

12    Plaintiff asserts that the Court, in granting Defendant's motion to dismiss,

13  misapplied the discretionary-function exception of the Federal Tort Claims Act (FTCA).

14  (Doc. 52 at 2.) However, Plaintiff does not present any meritorious claim that would justify

15  granting relief from judgment. Upon review of this Court's order granting Defendant's

16  motion to dismiss, (Doc. 35), the Court finds no legal errors or mistakes that would justify

17  vacating the prior final judgment.

18    **IT IS ORDERED** that Plaintiff's Motion Under Rule 60(b)(1) (Doc. 52) is **denied.**

19  Dated this 20th day of September, 2024.

20

21

22

23  Honorable Jennifer G. Zipps

24  United States District Judge

25

26

27

28